IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY WILLIAM TELLES JR., <br><br> Plaintiff, <br><br> vs. <br><br> STANISLAUS COUNTY SHERIFF'S DEPARTMENT, et al., <br><br> Defendants. | Case No. 1:10-cv-01911 AWI JLT <br><br> ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS <br><br> (Docs. 2, 4) <br><br> ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND <br><br> (Doc 1) |

**I.     Screening Order**

According to the Court's order, on November 17, 2010, Plaintiff filed an amended application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (Doc. 4) In support of this motion, Plaintiff asserts that he has been unemployed since November 2001 and makes only a small amount of money working odd jobs. Id. During the month of his highest pay since December 2006, he made only $1,000 but usually earns much less. Id. He uses this money to support himself, his wife and child. Id. His grandparents pay for the cost of the families' utilities in exchange for Plantiff doing work for them. Id. The family receives food stamps to supplement their income. Id. Though Plaintiff's wife owns a home, given that neither Plaintiff

1

nor his wife holds a job, it appears that the home would not provide Plaintiff funds with which to pay costs.

Based upon the declaration submitted, the Court finds that Plaintiff has satisfied the indigency requirements of 28 U.S.C. § 1915 and that Plaintiff is unable to pay the costs of commencing this action. Accordingly, Plaintiff's IFP motion is **GRANTED.**

**II.     The Court is required to screen Plaintiff's complaint**.

The Court is required to review a case filed IFP. 28 U.S.C. §1915(a); 28 U.S.C. 1915(e). The Court must review the complaint and dismiss the action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B); see Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987 (citing Franklin v. Murphy, 745 F. 2d 1221, 1228 (9th Cir. 1984)). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-1128 (9th Cir. 2000) (en banc).

**A.     Section 1983 complaint**

Plaintiff's complaint seeks damages under 42 U.S.C. § 1983, which provides in pertinent part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . .

42 U.S.C. § 1983. To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F. 2d 1145, 1147 (9th Cir. 1989).

To warrant relief under § 1983, the plaintiff must allege and show that the defendants'

acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights.  <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1993).  "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]."  <u>Id.</u>  There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff.  See <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 691-692 (1978)(citing <u>Rizzo v. Goode</u>, 432 U.S. 362, 370-371 (1976)).

**B.     Rule 8(a)**

Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a).  The complaint must give fair notice and state the elements of the plaintiff's claim plainly and succinctly.  <u>Jones v. Community Redevelopment Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).

In <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009), the Court observed,

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. [Citations]. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [Citation]. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." [Citation].

The Court further clarified that,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

<u>Id.</u> The Court instructed, "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to

1  relief. Id. at 1950.  However, the conclusions contained in the pleading "are not entitled to the
2  assumption of truth." Id.

### C. Summary of the Allegations in Complaint

Plaintiff alleges that he was held in custody by the Stanislaus County Sheriff's Department at some time in the past. (Doc. 1 at 2)  Plaintiff asserts that during this time, he should have been segregated from the general population of inmates but was not, despite that officials knew that he was at risk of harm from other inmates. Id. at 1-2.  Plaintiff alleges that the failure to segregate him from the general population resulted in him being beaten repeatedly by fellow inmates. Id. at 2.  Furthermore, Plaintiff alleges that he did not receive proper medical attention for the injuries he suffered, despite requesting it. Id. at 2, 4.  Plaintiff alleges also that jailors were improperly trained such that this "fostered other inmates to exercise severe and pervasive harassment without fear of recourse." Id. at 6.  Moreover, Plaintiff alleges that Defendants defamed him in some manner (Id. at 9-10) and conspired together to deprive him of his constitutional rights.  Plaintiff concludes that these acts were taken negligently or intentionally and that he suffered an intentional infliction of emotional distress as a result.

Finally, Plaintiff alleges also that the failure to properly segregate inmates constitutes an unconstitutional deprivation of the right to Equal Protection and Due Process of law and unlawful invasions of his right to privacy and personal security.  For the reasons set forth below, the Court will **ORDER** the complaint **DISMISSED WITH LEAVE TO AMEND.**

### D. The complaint is vague and ambiguous and fails to provide sufficient facts upon to provide notice of the wrongful action at issue.

Though Plaintiff's <u>overly-lengthy</u> complaint is filled with legal jargon and conclusions, there are few *facts* alleged to allow the Court to determine what Plaintiff claims happened. Although the Court comprehends the gist of Plaintiff's complaints, he is required to provide more. He fails to provide even basic information about his claims. The complaint fails to explain, for example, when Plaintiff was in the custody of Stanislaus County, why he was in

custody, whether he was a convicted inmate at the time, why he believes that he should have been placed in protective custody and why the Defendants knew that he should be segregated from the general population, what the words were that were spoken or written that he claims defamed him, what injuries he suffered and when he suffered them and what medical treatment was needed but was not provided, among other omitted details.  Without these basic facts, the Court cannot determine which constitutional amendments he claims were violated or why.

For example, the Equal Protection Clause "commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (internal quotation and citation omitted).  However, there are no facts alleged in the complaint to explain what his situation was or to demonstrate that other inmates similarly situated to Plaintiff *were* segregated from the general inmate population.  Thus, on the bare facts alleged, Plaintiff has not stated a claim under the Equal Protection Clause of the Fourteenth Amendment.  For the same reasons, the Court cannot determine that Plaintiff has stated *any* claim because it cannot determine what the claim is. The complaint must give fair notice of Plaintiff's claims and must provide facts, rather than mere conclusions, to support the elements of the plaintiff's claim.  Iqbal, 129 S.Ct. at 1949; Jones, 733 F.2d at 649.

**E.     Conclusion**

The Court must dismiss Plaintiff's complaint because it is nearly devoid of facts. The Court will grant Plaintiff an opportunity to file an amended complaint to address the deficiencies, if he is able.  However, Plaintiff is admonished that he is required to provide a short, plain statement of his case.  Including conclusions, without any facts to support them, is insufficient to state a cause of action. Iqbal, 129 S.Ct. at 1949.

Plaintiff is informed that the Court cannot refer to a prior pleading to make the amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint

supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

      Accordingly, IT IS ORDERED that:

      1.      The motion to proceed in forma pauperis is **GRANTED**;

      2.      The Complaint is **DISMISSED WITH LEAVE TO AMEND**; and

      3.      Plaintiff is **GRANTED** 30 days from the date of service of this order to file an amended complaint.  The amended complaint must reference the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Local Rule 110.

**Plaintiff is admonished that he must strictly comply with the requirements for filing a timely "First Amended Complaint."  Also, Plaintiff is advised that he must address the deficiencies noted in this order.  If he fails to comply with this order, the Court will recommend dismissal of this action with prejudice.**

IT IS SO ORDERED.

Dated:   **November 24, 2010**                                    /s/ Jennifer L. Thurston
                                                                                    UNITED STATES MAGISTRATE JUDGE