IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY WILLIAM TELLES, JR., <br><br> Plaintiff, <br><br> v. <br><br> STANISLAUS COUNTY SHERIFF'S DEPARTMENT, et al., <br><br> Defendants. | ) Case No.: 1:10-cv-01911 AWI JLT <br> ) <br> ) ORDER DISMISSING AMENDED <br> ) COMPLAINT WITH LEAVE TO AMEND <br> ) <br> ) (Doc. 6) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Henry William Telles, Jr. ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 13, 2010, (Doc. 1), and filed his First Amended Complaint ("Amended Complaint") on December 20, 2010 (Doc. 6). Plaintiff asserts this action against Stanislaus County, the Sheriff's Department of Stanislaus County, the Sheriff of Stanislaus County, and Does 1-250 (collectively, "Defendants") (Doc. 6 at 1).

**I. Screening Requirement**

Where a prisoner seeks relief against "a governmental entity or officer or employee of a governmental entity," the Court is required to review the complaint and identify "cognizable claims." 28 U.S.C § 1915(a)-(b). The Court must dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or…seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. §

1

1915(e)(2). A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## II. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and…a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed.R.Civ.P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me unlawfully accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 129 S.Ct. at 1949. Where the factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.* If the Court determines that the complaint fails to state a cognizable claim, the Court may grant leave to amend to the extent that deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III. § 1983 Claims

Section 1983 of title 42 of the United States Code does not provide for substantive rights; it is "a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). In pertinent part, Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

42 U.S.C. § 1983. To plead a § 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) he was deprived of a federal right, and (2) a person who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 28 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976). In addition, a plaintiff must allege that he suffered a specific injury, and show causal relationship between the defendant's conduct and the injury suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made"). There is no respondeat superior liability under § 1983, and the supervisor of an individual who allegedly violated a plaintiff's constitutional rights is not made liable for the violation simply by virtue of that role. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). As with other complaints, conclusory allegations unsupported by facts are insufficient to state a civil rights claim under § 1983. *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977).

///

**IV.   Discussion and Analysis**

Plaintiff was in the custody of the Stanislaus County from May 15, 2009, through March 26, 2010. (Doc. 6 at 4). Plaintiff asserts he should have been segregated from the general population, but was not. *Id.* at 7. As a result, "[o]n several occasions, [Plaintiff] was viciously attacked and beaten by inmates" who were housed in the general population. *Id.* at 4. According to Plaintiff, he and his father informed officers at the facility before the attacks that Plaintiff had been threatened, but officers did not place him in protective custody and showed deliberate indifference to his health and safety. *Id.* at 7-9. Plaintiff asserts officers failed to refused to segregate him from the general population "at least on ten different occasions . . . [and Plaintiff] was threatened in each of the 7 such instances, while skirmishes erupted in 5, and of those, two lead to prolonged physical beatings." *Id.* at 11. Plaintiff states the attacks caused him "to suffer serious physical and emotional damages." *Id.* at 10. Furthermore, Plaintiff states he did not receive requested medical care for injuries suffered as a result of the attacks. Upon these facts, Plaintiff alleges deliberate indifference, negligence, intentional infliction of emotional distress, and conspiracy. (Doc. 6 at 1-2).

    A.   Liability of the Sherriff's Department of Stanislaus County

Under § 1983, a "person" may be sued for the deprivation of federal rights, and municipalities or other governmental bodies may be sued as a "person." *Monell*, 436 U.S. at 690. However, the Ninth Circuit has held that these governmental bodies do not include police departments, as "municipal police departments and bureaus are generally not considered 'persons' within the meaning of 42 U.S.C. § 1983." *United States v. Kama*, 394 F.3d 1236, 1240 (9th Cir. 2005). In *Morris v. State Bar*, the Court considered whether the City of Fresno Fire Department was amenable to suit, and held,

> Municipal police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983. Hervey v. Estes, 65 F.3d 782, 791 (9th Cir. 1995). Other types of governmental associations are only subject to suit under Section 1983 if the parties that created them intended to create a separate legal entity. Hervey, 65 F.3d at 792 (intergovernmental narcotics team is not subject to suit). See also Sanders v. Aranas, 2008 U.S. Dist. LEXIS 6042, 2008 WL 268972, 3 (E.D. Cal. 2008) (the Fresno Police Department is not a proper defendant because it is a sub-division of the City of Fresno).
>
> …The City of Fresno is the proper party because it is the governmental entity considered a "person" under § 1983. The Fresno Fire Department is a "sub-unit" of the City of

Fresno and is not a person under § 1983.

*Morris v. State Bar*, 2010 U.S. Dist. LEXIS 36945, at *6-7 (E.D. Cal. Mar. 10, 2010). Notably, several recent decisions in the Eastern District held police departments are not "persons" under § 1983. *See, e.g.*, *Navarro v. California*, 2010 U.S. Dist. LEXIS 5388, at *18 (E.D. Cal. June 25, 2010); *Wade v. Fresno Police Dep't.*, 2010 U.S. Dist. LEXIS 57093, at *10-11 (E.D. Cal. June 8, 2010); *Abeytia v. Fresno Police Dep't*, 2009 U.S. Dist. LEXIS 49500, at *25 (E.D. Cal. June 12, 2009). Furthermore, this rationale is followed by other districts within the Ninth Circuit as well. *See, e.g.*, *Vance v. County of Santa Clara*, 928 F. Supp 993, 996 (N.D. Cal. 1996) ("[T]he term 'persons' does not encompass municipal departments."); *Ortega v. Chula Vista Police Dep't*, 2010 U.S. Dist. LEXIS 66960, at *2 (S.D. Cal. June 29, 2010) (The Court found the "Chula Vista Police Department lacks capacity to be sued under Section 1983. . ."); *Moreno-Garcia v. Yakima Police Dep't*, 2010 U.S. Dist. LEXIS 69213, at *5-6 (E.D. Wash. July 9, 2010) ("The Yakima Police Department is not a legal entity separate from the City of Yakima, and it lacks capacity to be sued.").

Given its status as a municipal department, the Stanislaus County Sherriff's Department is not a proper defendant in Plaintiff's claim. Rather, the proper defendant is Stanislaus County, also named by the Plaintiff. Therefore, the Complaint as to the Stanislaus County Sherriff's Department is **DISMISSED**.

B. Eighth Amendment Protections

It is not clear from the Amended Complaint what Plaintiff's status was while in the custody of Stanislaus County. If Plaintiff was a prisoner at the time of the events occurred, the proper analysis for allegations of cruel and unusual punishment (including deliberate indifference to a serious medical need) would occur under the Eighth Amendment standard. *Bell v. Wolfish*, 441 U.S. 520, 535 n.26 ("Eighth Amendment Scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."). However, if Plaintiff was a pre-trial detainee at the time, the proper analysis would be under "the more protective substantive due process standard" of the Fourteenth Amendment rather than the Eighth Amendment. *Jones v. Blanas*, 393 F.3d 918, 931-33 (9th Cir. 2004); *see also Gibson v. County of Washoe*, 290 F.3d 1174, 1187 (9th Cir. 2002) ("Because [the plaintiff] had not been convicted of a crime, but had

only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment"). However, with health and safety, "the due process clause imposes, at a minimum, the same duty the Eighth Amendment imposes." *Gibson*, 290 F.3d at 1187. Therefore, the Court will look to the Eighth Amendment to determine Plaintiff's rights.

### 1. Medical Care

Prisoners must rely upon officials for medical care, and as a result "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain. . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citation and quotation marks omitted). To state a cognizable claim of inadequate medical care on Eighth Amendment grounds, Plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106.

*Serious medical need*

A serious medical need exists "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050,1059 (9th Cir. 1991) (overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)), quoting *Estelle*, 429 U.S. at 104. Indications of a serious medical need include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Id.* at 1059-60, citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990).

Here, Plaintiff alleges he suffered beatings on his "arms, face, neck, and back by several general [p]opulation inmates on several different occasions." (Doc. 6 at 9). However, Plaintiff does not state facts indicating the severity of his wounds such as that the Court may determine the presence of a serious medical need.

*Deliberate indifference*

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to that need with deliberate indifference. *Farmer v. Brennan*, 511 U.S.

825, 834 (1994). "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 291 F.3d 1051, 1060 (9th Cir. 2004). In clarifying the culpability required for "deliberate indifference," the Supreme Court held,

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exits, and he must also draw that inference.

*Farmer*, 511 U.S. at 837. Therefore, a defendant must be "subjectively aware that serious harm is likely to result from a failure to provide medical care." *Gibson v. County of Washoe*, 290 F.3d 1174, 1193 (9th Cir. 2002) (emphasis omitted). When a defendant should have been aware of the risk of substantial harm but was not, "then the person has not violated the Eighth Amendment, no matter how severe the risk." *Id.* at 1188.

Where deliberate indifference relates to medical care, "[t]he requirement of deliberate indifference is less stringent . . . than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns." *Holliday v. Naku*, 2009 U.S. Dist. LEXIS 55757, at *12 (E.D. Cal. June 26, 2009), citing *McGuckin*, 974 F.2d at 1060. Claims of negligence or medical malpractice are insufficient to claim deliberate indifference. *Id.* at 394; *Toguchi*, 391 F.3d at 1057. Generally, deliberate indifference to serious medical needs may be manifested in two ways: "when prison officials deny, delay, or intentionally interfere with medical treatment, or . . . by the way in which prison physicians provide medical care." *Hutchinson v. United States*, 838 F.2d 390, 393-94 (9th Cir. 1988).

In this case, not only has Plaintiff failed to allege facts sufficient to infer the presence of a serious medical need, but has also failed to show Defendants had actual knowledge of the presence of the alleged need for medical care. Notably, Plaintiff states only that he requested treatment. He does not state what treatment he required, or whether treatment was urgent. The conclusion that Defendants demonstrated deliberate indifference, without more, is insufficient to state a claim against Defendants. Therefore, Plaintiff's claim of deliberate indifference to a serious medical need is **DISMISSED**.

///

### 2. Right to personal safety

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse, and one of the "basic human needs" that prison officials must provide is personal safety. *Hoptowit v. Ray*, 682 F.2d 1237, 1247, 1250-51 (9th Cir. 1982); *see also Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 2006). To establish a violation of this duty, a plaintiff must establish that prison officials were deliberately indifferent to a substantial risk of serious harm to the inmate's safety. *Farmer*, 511 U.S. at 834. As above, the deliberate indifference inquiry involves objective and subjective prongs: the deprivation must be "sufficiently serious," and the prison official must have a "sufficiently culpable state of mind . . . of 'deliberate indifference' to inmate . . . safety." *Id.,* quoting *Wilson v. Seiter*, 501 U.S. 294, 297, 302-03 (1991).

Plaintiff alleges, "Shortly before the attacks by inmates, both Henry William Telles, Jr., and Henry William Telles, Sr., forewarned the facility that Plaintiff had been threatened, by several sources through various means, claiming they would "Get" and "silence" him, no matter where he was sent." (Doc. 6 at 8). According to Plaintiff, both he and his father "informed the proper personnel at the facility" of the threats he received. However, Plaintiff does not state to whom they provided this information, or whether any Defendants (named or unnamed) were recipients of this information. To be liable, Defendants must have actual knowledge of the risks to Plaintiff and show deliberate indifference to them. Plaintiff's First Amended Complaint does not establish either. Thus, Plaintiff has not stated a cognizable claim for a violation of his right to personal safety against Defendants, and this claim is **DISMISSED**.

### C. Intentional infliction of emotional distress

To state a cognizable claim for intentional infliction of emotional distress, Plaintiff must establish: (1) outrageous conduct by the defendants, (2) who intended to cause or recklessly disregarded of the probability of causing emotional distress, (3) and the defendants' actions were the actual and proximate cause (4) of the Plaintiff's severe emotional suffering. *Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004), citing *Brooks v. United States*, 29 F. Supp. 2d 613, 617 (N.D. Cal. 1998). Outrageous conduct is demonstrated when a "defendant's conduct was 'so extreme as to exceed all bounds of that usually tolerated in a civilized society.'" *Van Horn v. Hornbeak*, 2009

U.S. Dist. LEXIS 16134, at *8 (E.D. Cal. Feb. 18, 2009), quoting *Ricard v. Pacific Indemnity Co.*, 132 Cal.App.3d 866, 895 (1982).  However, intentional infliction of emotional distress is a tort arising under state law, and under the California Tort Claims Act ("CTCA"), a plaintiff may not maintain an action for damages against a public employee unless he timely files a notice of tort claim.  Cal. Gov't Code §§ 905, 911.2, 945.4 & 950.2; *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).

In pleading a state court claim against the county officials, Plaintiff must allege facts demonstrating compliance with the presentation requirement of the California Tort Claims Act. *State of California v. Superior Court*, 32 Cal.4th 1234, 1243-44 (2004); *Snipes v. City of Bakersfield*, 145 Cal.App.3d 861, 865 (Cal. App. 1983).  Failure to allege compliance is fatal to the cause of action, and results in the dismissal of a state law claim against state officials.  *Id.*; *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir. 1969).  Additionally, to comply with the California Tort Claims Act, a complaint must at a minimum, "identify the date, place, and other circumstances of the occurrence or transaction which gave rise to the claim asserted."  Cal. Gov't Code § 910(c).

Here, Plaintiff alleges compliance with the California Tort Claims Act in his Amended Complaint.  (Doc. 6 at 3).  Specifically, Plaintiff states he filed a Notice of Claim with the Board of Supervisors of Stanislaus County including "the time, place, cause, nature, and extent of the plaintiff's injuries."  *Id.* at 4.  However, Plaintiff fails to allege that the claim was rejected, which is a prerequisite to alleging state law torts.  Moreover, though he alleges that he provided the County of Stanislaus information about "the time, place, cause, nature, and extent of the plaintiff's injuries," (*Id.* at 4), he has not provided this basic factual information here.  Plaintiff's sole allegation regarding his emotional state is he suffered "severe emotional distress" and "serious physical and emotional damages" as a result of the attacks.  *Id.* at 9, 10.  Plaintiff fails to identify the defendants against whom he seeks to assert this claim, or to make allegations which satisfy the above elements.  Consequently, Plaintiff has not stated a cognizable claim for intentional infliction of emotional distress, and this claim is **DISMISSED**.

D.  Conspiracy

1       Plaintiff alleges a conspiracy on the face of the Amended Complaint. (Doc. 1 at 1). However, Plaintiff does not clarify whether his claim of conspiracy is brought under § 1983, or under applicable state law. A claim of conspiracy brought under § 1983 requires a plaintiff to "demonstrate the existence of an agreement or 'meeting of the minds' to violate constitutional rights." *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999) (citations omitted). In addition, a plaintiff must show an "actual deprivation of constitutional rights." *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006), quoting *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *United Steel Workers of Am. v. Phelps Dodge Corp.*, 865 F.3d 1539, 1540-42 (9th Cir. 1989). A conspiracy may be properly alleged when a plaintiff states "which defendants conspired, how they conspired and how the conspiracy led to a deprivation of his constitutional rights." *Harris v. Roderick*, 126 F.3d 1189, 1196 (9th Cir. 1997).

      Here, Plaintiff neither makes allegations regarding a conspiracy, nor attempts to point to which of the defendants conspired or the manner in which they did so. Notably, Plaintiff's Amended Complaint is devoid of any facts related to this claim. Therefore, Plaintiff did not state a cognizable claim for conspiracy, and this claim is **DISMISSED**.

      E.   Doe defendants

      Generally, "Doe" defendants are disfavored in the Ninth Circuit. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *see also Clark v. Rolling Hills Casino*, 2010 U.S. Dist. LEXIS 55087, at *9 (E.D. Cal. May 5, 2010). However, when the identities of defendants are not known, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie*, 629 F.2d at 642.

      Plaintiff names "Does 1-250" as defendants in his Complaint. However, Plaintiff fails to state where these defendants worked, for whom and in what capacity. Also, Plaintiff has failed to allege facts demonstrating the wrongful conduct of each of these individuals. As to *every* defendant—including Doe Defendants—Plaintiff is required to allege specifically how each violated

his rights and link each defendant's actions to the violation of his rights. *See West*, 487 U.S. at 28. Furthermore, the claims of Plaintiff's First Amended Complaint have been dismissed due to a lack of supporting factual allegations. Consequently, Plaintiff has failed to state a cognizable claim against Does 1-250. Therefore, the First Amended Complaint as to defendants "Does 1-250" is **DISMISSED**.

**V.  Conclusion and Order**

Plaintiff's Amended Complaint is nearly devoid of factual allegations and fails to establish a cause of action. As noted in the Court's previous order, Plaintiff is required to provide, at a minimum, basic information supporting his claims. (Doc. 5 at 5); *see also Iqbal*, 129 S.Ct. at 1949 (Plaintiff must include more than "labels and conclusions," and a complaint must be enhanced by facts). However, Plaintiff continues to fail to provide even basic information about what he claims happened. Filling the complaint with legal jargon, legal conclusions and legal citations is insufficient and unnecessary. Instead, the complaint must have factual allegations to outline how Plaintiff's constitutional rights have been violated.

Here, Plaintiff fails to explain whether he was a pretrial detainee or a convicted prisoner, how the individual Defendants gained actual knowledge that he should be segregated from the general population, why Plaintiff believes that he was entitled to the protective custody he requested, what injuries he suffered (and when) that would require medical treatment, the form of medical care he requested, and how he made his requests known to Defendants. Moreover, Plaintiff must link each of the defendants to the alleged violations of his constitutional rights. *See Rizzo*, 423 U.S. at 371-72. For example, Plaintiff failed to even mention the Sheriff of Stanislaus County, yet names him has a defendant. Consequently, Plaintiff's Amended Complaint is not sufficient to put Defendants on fair notice of the claims against them, and must be **DISMISSED**. *See Jones*, 733 F.2d at 649.

Once again, this Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). The amended complaint must reference the docket number of assigned to this case and must be labeled "Second Amended Complaint." Plaintiff is admonished to provide more than conclusions in his complaint, and provide a short, plain statement of his case,

including facts that support his allegations. *See* Fed. R. Civ. P. 8(a); *Iqbal*, 129 S.Ct. at 1948-49. Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Bell*, 127 S.Ct. at1965(citations omitted).

     Plaintiff is advised that an amended complaint supercedes all previously filed complaints. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). In addition, the amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. Thus, once Plaintiff files a second mended complaint, neither this amended complaint nor Plaintiff's original complaint serve any function in the case. Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567, *citing London v. Coopers & Lybrand*, 644 F2d 811, 814 (9th Cir. 1981); accord. *Forsyth*, 114 F.3d at 1474.

     Based on the foregoing, it is **HEREBY ORDERED** that:

     1.    Plaintiff's Amended Complaint is dismissed with leave to amend;

     2.    Within 20 days from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order; and

     3.    <u>If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated: **December 28, 2010**                /s/ Jennifer L. Thurston
                                                      UNITED STATES MAGISTRATE JUDGE