IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY WILLIAM TELLES, JR., <br><br> Plaintiff, <br><br> v. <br><br> STANISLAUS COUNTY, et al., <br><br> Defendants. | Case No.: 1:10-cv-01911 AWI JLT <br><br> ORDER DISMISSING THIRD AMENDED COMPLAINT WITH LEAVE TO AMEND <br><br> (Doc. 12) |

Henry William Telles, Jr. ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 13, 2010. (Doc. 1). He filed his First Amended Complaint on December 20, 2010. (Doc. 6). Following the Court's order to show cause, Plaintiff filed his Second Amended Complaint on January 31, 2011. (Doc. 11). His Third Amended Complaint was filed on February 8, 2011.[1] (Doc. 12). Plaintiff asserts this action against Stanislaus County, the Sheriff's Department of Stanislaus, Deputy Burns, Deputy Stevens, Officer Daily, and Does 1-100 (collectively, "Defendants"). *Id.* at 1.

---

[1] A party may amend its pleading once as a matter of course, but beyond that "a party may amend its pleading only with . . . the court's leave." Fed.R.Civ.P. 15(a)(2). Thus, Plaintiff was not entitled to file amended pleadings without seeking leave of the Court. For the sake of judicial economy, the Court will accept the Third Amended Complaint. In the future, Plaintiff SHALL NOT file amended pleadings unless the Court orders, or until he seeks leave of the Court.

1

## I.   Screening Requirement

When a prisoner seeks relief against "a governmental entity or officer or employee of a governmental entity," the Court is required to review the complaint and identify "cognizable claims." 28 U.S.C § 1915(a)-(b). The Court must screen Plaintiff's Third Amended Complaint because an amended complaint supersedes Plaintiff's previously filed complaints. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

The Court must dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). In determining malice, the Court examines whether the claims are pled in good faith. *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46 (1915). If the Court determines that the complaint fails to state a cognizable claim, the Court may grant leave to amend to the extent that deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## II.   Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed.R.Civ.P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Supreme Court clarified that,

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Where the factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

### III.  § 1983 Claims

Section 1983 of title 42 of the United States Code does not provide for substantive rights; it is "a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). In pertinent part, Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

42 U.S.C. § 1983. To plead a § 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) he was deprived of a federal right, and (2) a person who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 28 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976). In addition, a plaintiff must allege that he suffered a specific injury, and show causal relationship between the defendant's conduct and the injury suffered. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made"). Conclusory allegations unsupported by facts are insufficient to state a§ 1983 claim. *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977).

**IV.   Discussion and Analysis**

Plaintiff was an inmate at the Public Safety Center under the custody of Stanislaus County beginning May 15, 2009.[2] (Doc. 12 at 4). According to Plaintiff, he was placed in "protective custody" due to his planned future testimony against other inmates. *Id.* at 5. Plaintiff states the district attorney's office knew "[he] was to testify against several other inmates (who were also placed in 'protective custody') so as to 'keep track' of the two opposing sides and to keep segregated the two opposing sides." *Id.* Plaintiff alleges, "Deputies had been provided documentation in the form of a sheet designating precisely which inmates were so designated for segregation." *Id.* at 6.

Plaintiff alleges that in August 2009, he was attacked by inmates who "were also classified as in 'protective custody'" when ten individuals[3] were placed in a six-man holding cell, including several inmates against whom Plaintiff was to testify. *Id.* While in the holding cell, Plaintiff states he "was viciously assaulted by these inmates who implemented of a technique whereby these attacking inmates removed their chains from their waist and commenced striking Plaintiff . . . repeatedly about the face, head, ribs, and back for a prolonged period of time." *Id.* at 5 (emphasis omitted). After the attack, Plaintiff states "numerous requests for immediate treatment were ignored," and he "was solely attended to by other inmates." (Doc. 12 at 7). Given these facts, Plaintiff raises causes of action for (1), negligence, (2) wanton and reckless conduct, (3) failure to provide adequate medical care, and (4) negligent infliction of emotional distress.

A.   Liability of the Sheriff's Department of Stanislaus County

Municipalities or other governmental bodies may be sued as a "person" under § 1983 for the deprivation of federal rights. *Monell*, *Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). However, the

---

[2] In the First Amended Complaint, Plaintiff stated he was in the custody of the Stanislaus County from May 15, 2009, through March 26, 2010. (Doc. 6 at 4). Plaintiff states he was placed in custody on May 15, 2010 in the Third Amended Complaint. However, if Plaintiff was placed in custody in May of 2010, the events could not have occurred in August 2009 as he originally stated, nor would he have been able to send a letter dated March 17, 2010, to the Board of Supervisors of Stanislaus County complaining of the injury caused in August. (Doc. 12 at 3). Therefore, the Court presumes that the dates set forth in the Third Amended Complaint are erroneous, and applies the dates stated in the First Amended Complaint to the facts.

[3] It is unclear whether the ten individuals included Plaintiff, or whether there were ten *other* individuals, bringing the total number of people in the holding cell to eleven.

4

Ninth Circuit has held that "municipal police departments and bureaus are generally not considered 'persons' within the meaning of 42 U.S.C. § 1983." *United States v. Kama*, 394 F.3d 1236, 1240 (9th Cir. 2005). In *Morris v. State Bar*, the Court considered whether the City of Fresno Fire Department was amenable to suit, and held,

> Municipal police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983. Hervey v. Estes, 65 F.3d 782, 791 (9th Cir. 1995). Other types of governmental associations are only subject to suit under Section 1983 if the parties that created them intended to create a separate legal entity. Hervey, 65 F.3d at 792 (intergovernmental narcotics team is not subject to suit). See also Sanders v. Aranas, 2008 U.S. Dist. LEXIS 6042, 2008 WL 268972, 3 (E.D. Cal. 2008) (the Fresno Police Department is not a proper defendant because it is a sub-division of the City of Fresno).
>
> …The City of Fresno is the proper party because it is the governmental entity considered a "person" under § 1983. The Fresno Fire Department is a "sub-unit" of the City of Fresno and is not a person under § 1983.

*Morris v. State Bar*, 2010 U.S. Dist. LEXIS 36945, at *6-7 (E.D. Cal. Mar. 10, 2010). Notably, several recent decisions in the Eastern District held police departments are not "persons" under § 1983. *See, e.g.*, *Pellum v. Fresno Police Dep't*, 2011 U.S. Dist. LEXIS 10698, at *6 (E.D. Cal. Feb. 2, 2011); *Arres v. City of Fresno*, 2011 U.S. Dist. LEXIS 10425, at *13-14 (E.D. Cal. Jan. 26, 2011); *Navarro v. California*, 2010 U.S. Dist. LEXIS 5388, at *18 (E.D. Cal. June 25, 2010); *Wade v. Fresno Police Dep't.*, 2010 U.S. Dist. LEXIS 57093, at *10-11 (E.D. Cal. June 8, 2010). Moreover, this rational is followed by other districts within the Ninth Circuit as well. *See, e.g.*, *Vance v. County of Santa Clara*, 928 F. Supp 993, 996 (N.D. Cal. 1996) ("the term 'persons' does not encompass municipal departments."); *Ortega v. Chula Vista Police Dep't*, 2010 U.S. Dist. LEXIS 66960, at *2 (S.D. Cal. June 29, 2010) (the "Chula Vista Police Department lacks capacity to be sued under Section 1983. . ."); *Moreno-Garcia v. Yakima Police Dep't*, 2010 U.S. Dist. LEXIS 69213, at *5-6 (E.D. Wash. July 9, 2010) ("The Yakima Police Department is not a legal entity separate from the City of Yakima, and it lacks capacity to be sued").

Given its status as a municipal department, the Stanislaus County Sheriff's Department lacks the capacity to be sued under § 1983, and is not a proper defendant to Plaintiff's claim. Rather, the proper defendant is Stanislaus County, also named by the Plaintiff. Therefore, the Third Amended Complaint as to the Stanislaus County Sheriff's Department is **DISMISSED**.

B.  Municipal Liability of Stanislaus County

A local government unit may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability. *Monell*, 436 U.S. at 691. Rather, a local government entity may only be held liable if it inflicts the injury of which a plaintiff complains. *Gibson v. County of Washoe*, 290 F.3d 1175, 1185 (9th Cir. 2002). Thus, a government entity may be sued under § 1983 when governmental policy or custom is the cause of a deprivation of federal rights. *Id.* at 694. To establish liability, Plaintiff must show: (1) he was deprived of a constitutional right; (2) the County of Stanislaus had a policy; (3) that this policy amounted to deliberate indifference of his constitutional right; and (4) the policy "was the moving force behind the constitutional violation." *See Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992), *quoting City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989); *see also, Monell*, 436 U.S. at 690-92. There are three methods by which a policy or custom of a government may be demonstrated when:

> (1) A longstanding practice or custom…constitutes the standard operating procedure of the local government entity;
>
> (2) The decision-making official was, as a matter of law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision; or
>
> (3) An official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.

*Pellum*, 2011 U.S. Dist. LEXIS 10698, at *8, quoting *Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005). Furthermore, a policy may be inferred where there is evidence of repeated constitutional violations for which the officers were not reprimanded. *Menotti*, 409 F.3d at 1147.

A policy amounts to deliberate indifference where "the need for more or different action is so obvious, and the inadequacy of the current procedure so likely to result in the violation of constitutional rights, that the policymakers can reasonably be said to have been deliberately indifferent to the need." *Mortimer v. Baca*, 594 F.3d 714, 722 (9th Cir. 2010) (quotations omitted), citing *Oviatt v. Pearce*, 954 F.2d 1470, 1477-78 (9th Cir. 1992); *accord Canton*, 489 U.S. at 390. To establish deliberate indifference by a government, "the plaintiff must show that the municipality was on actual or constructive notice that its omission would likely result in a constitutional violation." *Gibson*, 290 F.3d at 1186, citing *Farmer v. Brennan*, 511 U.S. 825, 841 (1994).

Here, Plaintiff's factual allegations indicate that the County of Stanislaus had "established safety procedures" that deputies and officers failed to follow. *See* Doc. 12 at 2, 6; *see also id.* at 9-10 ("Officers had a duty to abide by the 'segregation' rules inherent in the proper implementation of their own policy regarding 'Protective Custody' classification"). Plaintiff argues, "The decision of Defendants to place [Plaintiff] in with these [opposing] inmates supports Plaintiff's contention that the County has a 'custom and practice' permitting its officers to employ a morally lax and ethically lax administrative, supervisorial and training program." *Id.* at 10. However, other than the housing decisions related to him, Plaintiff cannot point to any other event to establish that an unconstitutional custom existed. The standard for deliberate indifference "is incredibly high; one that requires the plaintiff to establish more than one incident to create a patterned and pervasive violation." *Jaquez v. County of Sacramento*, 2011 U.S. Dist. LEXIS 11165, at *6 (E.D. Cal. Feb. 1, 2011), citing *Oklahoma v. Tuttle*, 471 U.S. 808, 824 (1985). Consequently, Plaintiff is unable to establish liability on the part of the County, and the Third Amended Complaint, as to the County of Stanislaus, is **DISMISSED**.

### C. Supervisor Liability

The supervisor of an individual who allegedly violated a plaintiff's constitutional rights is not made liable for the violation simply by virtue of that role. *Monell*, 436 U.S. at 691; *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). In addition, supervisor liability exists "if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Hansen v. Black*, 885, F.2d 642, 646 (9th Cir. 1989), quoting *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987) (internal quotation marks omitted). Thus, the causal link between a supervisor and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979).

Plaintiff asserts Deputies Stevens and Burns and Officer Daily "undertook the supervision, guidance, training of, and control over each [Doe] Defendant." (Doc. 12 at 8). Plaintiff has not alleged any facts indicating these defendants personally participated in the alleged violation of his constitutional rights, had knowledge that he was placed in a cell with individuals against whom he was to testify or that they trained their subordinates to act contrary to the policy that would have prevented this. As a result, Plaintiff fails to link the supervisors to his alleged constitutional violations. Thus, the Third Amended Complaint, as to defendants Stevens, Burns, and Daily, is **DISMISSED**.

### D. Eighth Amendment Protections

Again, is not clear what Plaintiff's status was while in custody at the Public Safety Center. If Plaintiff was an inmate convicted of a crime at the time the events occurred, the proper analysis for allegations of deliberate indifference would occur under the Eighth Amendment standard. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions"). However, if Plaintiff was a pre-trial detainee, the proper analysis would be under "the more protective substantive due process standard" of the Fourteenth Amendment rather than the Eighth Amendment. *Jones v. Blanas*, 393 F.3d 918, 931-33 (9th Cir. 2004); *see also Gibson*, 290 F.3d at 1187 ("Because [the plaintiff] had not been convicted of a crime, but had only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment"). Regardless, with issues related to health and safety, "the due process clause imposes, at a minimum, the same duty the Eighth Amendment imposes." *Gibson*, 290 F.3d at 1187. Therefore, the Court will look to the Eighth Amendment to determine Plaintiff's right to adequate medical care.

#### 1. Adequate medical care

Prisoners must rely upon officials for medical care, and as a result "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain. . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citation and quotation marks omitted). To state a cognizable claim of inadequate medical care on Eighth

Amendment grounds, Plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106.

*Serious medical need*

A serious medical need exists "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050,1059 (9th Cir. 1991) (overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)), quoting *Estelle*, 429 U.S. at 104. Indications of a serious medical need include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Id.* at 1059-60, citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990).

Here, Plaintiff alleges he was beaten "repeatedly about the face, head, ribs, and back for a prolonged period of time." *Id.* at 5 (emphasis omitted). However, Plaintiff does not state facts indicating the severity of his wounds such as that the Court may determine the presence of a serious medical need.

*Deliberate indifference*

If a plaintiff establishes the existence of a serious medical need, he must then show that prison officials responded to that need with deliberate indifference. *Farmer*, 511 U.S. at 834. In clarifying the culpability required for "deliberate indifference," the Supreme Court held,

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exits, and he must also draw that inference.

*Farmer*, 511 U.S. at 837. Therefore, a defendant must be "subjectively aware that serious harm is likely to result from a failure to provide medical care." *Gibson v. County of Washoe*, 290 F.3d 1174, 1193 (9th Cir. 2002) (emphasis omitted). When a defendant should have been aware of the risk of substantial harm but was not, "then the person has not violated the Eighth Amendment, no matter how severe the risk." *Id.* at 1188.

Where deliberate indifference relates to medical care, "[t]he requirement of deliberate indifference is less stringent . . . than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns." *Holliday v. Naku*, 2009 U.S. Dist. LEXIS 55757, at *12 (E.D. Cal. June 26, 2009), citing *McGuckin*, 974 F.2d at 1060. Claims of negligence or medical malpractice are insufficient to claim deliberate indifference. *Id.* at 394; *Toguchi*, 391 F.3d at 1057. Generally, deliberate indifference to serious medical needs may be manifested in two ways: "when prison officials deny, delay, or intentionally interfere with medical treatment, or . . . by the way in which prison physicians provide medical care." *Hutchinson v. United States*, 838 F.2d 390, 393-94 (9th Cir. 1988).

In this case, not only has Plaintiff failed to allege facts sufficient to infer the presence of a serious medical need, but he has failed to show Defendants had actual knowledge of the need for medical care. Notably, Plaintiff states only that he requested treatment. He does not state what treatment he required, whether treatment was urgent or whether his need for medical attention was apparent. The allegation that Defendants demonstrated deliberate indifference, without more, is insufficient to state a claim against Defendants. Therefore, Plaintiff's claim of inadequate medical care is **DISMISSED**.

   2. Right to personal safety[4]

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse, and one of the "basic human needs" that prison officials must provide is personal safety. *Hoptowit v. Ray*, 682 F.2d 1237, 1247, 1250-51 (9th Cir. 1982); *see also Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 2006). To establish a violation of this duty, a plaintiff must establish that prison officials were deliberately indifferent to a substantial risk of serious harm to the inmate's safety. *Farmer*, 511 U.S. at 834. As above, the deliberate indifference inquiry involves objective and

---

[4] Plaintiff's Third Amended Complaint does not raise a claim for the right to personal safety. However, under the cause of action for negligent infliction of emotional distress, Plaintiff states, "The acts of the defendants . . . subjected plaintiff to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments of the United States Constitution." Because a claim for the right to personal safety arises under the Eighth Amendment, the Court will address it. In the future, Plaintiff must state his claims with specificity, and the Court will not speculate as to causes of action arising under an amendment simply because Plaintiff names a particular amendment in the course of his pleadings. *See Iqbal*, 129 S.Ct. at 1948-49.

subjective prongs: the deprivation must be "sufficiently serious," and the prison official must have a "sufficiently culpable state of mind . . . of 'deliberate indifference' to inmate . . . safety." *Id.,* quoting *Wilson v. Seiter*, 501 U.S. 294, 297, 302-03 (1991).

Plaintiff alleges that the district attorney's office requested that he be placed in protective custody to protect him from inmates against whom he was to testify. (Doc. 12 at 5-6). According to Plaintiff, "Deputies had been provided documentation in the form of a sheet designating precisely which inmates were so designated for segregation." *Id.* at 6. In addition, Plaintiff asserts that "several Deputies held paperwork identifying the two divergent parties, mandating their separation, but the Deputies abrogated their professional responsibilities thereby exposing [Plaintiff] to this incident." *Id.* at 10.

These facts are not sufficient to raise a claim for deliberate indifference to Plaintiff's personal safety. Though Plaintiff establishes that a serious risk of harm by of stating he was placed in the holding cell with individuals from whom he was to be separated, Plaintiff does not link Defendants to this action. For example, Plaintiff does not state whether any of the Defendants knew that he was supposed to be separated from certain others. Therefore, Plaintiff has not stated a cognizable claim for a violation of his right to personal safety against Defendants, and the Third Amended Complaint as to this claim is **DISMISSED**.

  E.  Equal Protection

Plaintiff asserts Defendants "subjected Plaintiff to a denial of his Equal Protection Rights, as guaranteed by the U.S. Constitution." (Doc. 12 at 15, emphasis omitted). The Equal Protection Clause states that "no state shall… deny to any person within its jurisdiction the equal protection of the laws." *U.S. Constitution, amend. XIV §1*. In essence, this commands that all persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985).

There are two methods by which a plaintiff can establish an violation of his equal protection rights. First, if a member of a protected class, a plaintiff may allege "the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles*, 205 F.3d 668, 686 (9th Cir. 2000). Second, where the acts in question do

not involve a protected class, a plaintiff can establish a "class of one" claim by alleging that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Plaintiff does not make factual allegations to support a claim of equal protection under either test. Notably, the crux of Plaintiff's complaint seems to be that he was treated in the same manner and not separated from others in protective custody. Because Plaintiff does not support this claim with facts, his claim of a violation of equal protection is **DISMISSED**.

### F.   State Claims and the California Tort Claims Act

Plaintiff raises claims of negligence, wanton and reckless conduct, and negligent infliction of emotional distress. However, negligence is insufficient to establish a constitutional violation. *Farmer*, 511 U.S. at 835 ("deliberate indifference entails something more than mere negligence"); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Therefore, such actions arise under California state law. Notably, under California law, "the negligent causing of emotional distress is not an independent tort, but the tort of negligence." *Burgess v. Superior Court*, 831 P.2d 1197, 1200 (Ct. App. 1992). A claim of negligent infliction of emotional distress "contains the traditional elements of duty, breach, causation and damages." *Jacoves v. United Merchandising Corp.*, 9 Cal.App.4th 88, 106 (Ct. App. 1992). Therefore, Plaintiff is unable to pursue a separate claim for relief for the negligent infliction of emotional distress as it is incorporated within a claim for negligence.

Under the California Tort Claims Act, a plaintiff may not maintain an action for damages against a public employee unless he timely files a notice of tort claim. Cal. Gov't Code §§ 905, 911.2, 945.4 & 950.2; *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). Thus, to raise a state claim against the county officials[5], Plaintiff must allege facts

---

[5] Plaintiff is unable to raise a claim of negligence against the County because the claim of negligence is based on common law tort liability. "[D]irect tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care." *Eastburn v. Regional Fire Protection Authority*, 31 Cal.4th 1175, 1183, 80 P.3d 656 (2003). Thus, "to state a cause of action against a public entity, every fact material to the existence of its statutory liability must be pleaded with particularity." *Peter W. v. San Francisco Unified Sch. Dist.*, 60 Cal.App.3d 814, 819 (1960). Plaintiff alleges the County breached several duties, but the negligence claims are not supported with statutory references to impose liability. "Such omission is fatal to the claims . . . [and] warrant dismissal of the claims negligence and respondeat superior claims against the County." *Sarmas v. County of Stanislaus*, 2009 U.S. Dist. LEXIS 104506, at *24

demonstrating compliance with the presentation requirement of the California Tort Claims Act. *State of California v. Superior Court*, 32 Cal.4th 1234, 1243-44 (2004); *Snipes v. City of Bakersfield*, 145 Cal.App.3d 861, 865 (Cal. App. 1983). When a plaintiff fails to allege compliance, it is fatal to the cause of action and results in the dismissal of the state law claim. *Id.*; *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir. 1969). To comply with the California Tort Claims Act, a complaint must at a minimum, "identify the date, place, and other circumstances of the occurrence or transaction which gave rise to the claim asserted." Cal. Gov't Code § 910(c). Additionally, claims "relating to a cause of action for . . . injury to a person" must be presented no later than six months after the accrual of the cause of action." Cal. Gov't Code § 911.2(a). "Failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity." *Pimentel v. County of Fresno*, 2011 U.S. Dist. LEXIS 10117, at *26 (E.D. Cal. Feb. 2, 2011), citing *City of Stockton v. Superior Court*, 42 Cal.4th 730, 738; Cal. Gov't. Code § 945.4.

Plaintiff states he sent a letter to the Board of Supervisors of Stanislaus County on March 17, 2010, including "the time, place, cause, nature, and extent of the plaintiff's injuries." (Doc. 12 at 3). Plaintiff's claim is based upon injuries caused "mid-August." Even giving Plaintiff every benefit of the doubt and assuming his injuries were caused on August 31, 2009, the Board of Supervisors must have received a Notice of Claim for Plaintiff's injuries by February 28, 2010. Therefore, Plaintiff failed give timely notice in compliance with the California Tort Claims Act, and the causes of action arising under state law are **DISMISSED**.

G. Doe defendants

Generally, "Doe" defendants are disfavored in the Ninth Circuit. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *see also Clark v. Rolling Hills Casino*, 2010 U.S. Dist. LEXIS 55087, at *9 (E.D. Cal. May 5, 2010). However, when the identities of defendants are not known, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie*, 629 F.2d at 642.

---

(E.D. Cal. Oct. 26, 2009).

Plaintiff names "Does 1-100" as defendants in the Third Amended Complaint. According to Plaintiff, Does 11-19 "were employees of the County of Stanislaus." (Doc. 12 at 8). In addition, Plaintiff alleges Does 1-24 were in some position to conduct and control "segregation of opposing Protective Custody inmates." *Id.* at 8-9. However, Plaintiff fails to state where these defendants, or the others, worked and in what capacity. Also, Plaintiff fails to identify individuals among these defendants, and demonstrate how individuals acted in a manner that caused a violation of his rights. Plaintiff is required to allege specifically how each defendant—including Doe Defendants—violated his rights, and link each defendant's actions to the violation of his rights. *See West*, 487 U.S. at 28; *Johnson*, 588 F.2d at 742. Furthermore, Plaintiff's claims have been dismissed due to a lack of supporting factual allegations. Consequently, Plaintiff has failed to state a cognizable claim against Does 1-100, and he should not be permitted an opportunity to identify the unknown defendants. The Third Amended Complaint as to defendants "Does 1-100" is **DISMISSED.**

### V. Conclusion and Order

Due to the lack of factual allegations, Plaintiff fails to establish a cause of action in the Third Amended Complaint. Previously, Plaintiff has been informed by the Court that he is required to provide, at a minimum, basic information supporting his claims. *See* Doc. 5 at 5; *see also* Doc. 7 at 11. The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. **A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do**. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft*, 129 S.Ct. at 1949 (internal quotation marks and citations omitted) (emphasis added). In spite of this, Plaintiff continues to fail to provide sufficient information to support a conclusion that he has suffered a constitutional violation of his rights.

Repeatedly, Plaintiff has failed to cure pleading deficiencies. For example, the Court has inquired as to Plaintiff's status while in custody, but Plaintiff has not provided this information in any of the four pleading documents. It is necessary for Plaintiff to explain whether he was a pretrial detainee or a convicted prisoner to determine the rights he should have been afforded in custody. Moreover, though Plaintiff persists in raising a cause of action for failure to provide adequate

1  medical care, he has not provided the Court with information regarding the injuries sustained for the
2  Court to determine that Plaintiff had a serious medical need, or the form of medical care requested
3  and denied.  In addition, Plaintiff was informed that the Sheriff's Department of Stanislaus County
4  was not a proper defendant (*see* Doc. 7 at 405), yet Plaintiff ignored the law and named the
5  municipal department as a defendant once again in his Third Amended Complaint.

6      Furthermore, Plaintiff has failed to link each of the defendants to the alleged violations of his
7  constitutional rights.  *See West*, 487 U.S. at 28; *Rizzo*, 423 U.S. at 371-72.  Though the Court
8  informed Plaintiff he must link each of the defendants to his alleged violations, Plaintiff fails to
9  specify individuals among the Doe defendants such that the Court may permit him to uncover their
10 identities through the discovery process.  Rather than distinguish individual defendants, Plaintiff
11 simply reduced the number of Doe Defendants from 250 to 100.  However, to state a claim against a
12 Doe defendant, Plaintiff must be able to pinpoint individuals who caused him harm.  Defendants
13 must have fair notice of the claims against them, including some factual basis for each claim asserted
14 and the specific legal theory supporting the claim. *See Jones*, 733 F.2d at 649; *Swierkiewicz*, 534
15 U.S. at 512.

16      This Court will provide Plaintiff with a <u>final</u> opportunity to file an amended complaint curing
17 the deficiencies identified by the Court in this order.  *See Noll v. Carlson*, 809 F.2d 1446, 1448-49
18 (9th Cir. 1987).  The amended complaint must reference the docket number assigned to this case and
19 must be labeled "Fourth Amended Complaint."  Plaintiff is admonished to provide more than
20 conclusions in his complaint, and provide a **<u>short, plain statement</u>** of his case, including facts that
21 support his allegations.  *See* Fed.R.Civ.P. 8(a); *Iqbal*, 129 S.Ct. at 1948-49.  **Filing the complaint
22 with legal jargon, legal conclusions, and legal citations is insufficient and unnecessary.**
23 Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above
24 the speculative level . . ." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations
25 omitted).

26      Plaintiff is advised that an amended complaint supersedes all previously filed complaints.
27 *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 576
28 (9th Cir. 1987).  In addition, the amended complaint must be "complete in itself without reference to

the prior or superseded pleading." Local Rule 220.  Thus, once Plaintiff files a fourth amended complaint, neither this complaint nor the preceding complaints serve any function in the case. Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567, citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981); accord. *Forsyth*, 114 F.3d at 1474.

        Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiff's Second Amended Complaint is **DISMISSED** as superseded;
2. Plaintiff's Third Amended Complaint is **DISMISSED** with leave to amend;
3. Within 21 days from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order; and
4. <u>If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **February 17, 2011**                                        /s/ Jennifer L. Thurston
                                                                             UNITED STATES MAGISTRATE JUDGE