IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY WILLIAM TELLES, JR., <br><br> Plaintiff, <br><br> v. <br><br> STANISLAUS COUNTY SHERIFF'S DEPARTMENT, et al., <br><br> Defendants. | Case No.: 1:10-cv-01911 AWI JLT <br><br> ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDER |

Henry William Telles, Jr. ("Plaintiff") is proceeding *pro se* and *in forma pauperis*. On October 13, 2010, Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1), and filed his First Amended Complaint ("Amended Complaint") on December 20, 2010 (Doc. 6). Plaintiff asserts this action against Stanislaus County, the Sheriff's Department of Stanislaus County, the Sheriff of Stanislaus County, and Does 1-250. (Doc. 6).

The Court screened Plaintiff's Amended Complaint and found that Plaintiff failed to state a claim upon which relief could be granted. (Doc. 7). Following the Court's order to show cause, Plaintiff filed his Second Amended Complaint on January 31, 2011. (Doc. 11). His Third Amended Complaint was filed on February 8, 2011 (Doc. 12), and dismissed by the Court on February 17, 2011 (Doc. 13). Plaintiff was ordered to file a fourth amended complaint, addressing the deficiencies identified by the Court within 21 days of service, or by

1

March 10, 2011.  (Doc. 13 at 16).  To date, Plaintiff has not filed his amended pleadings, nor otherwise responded to the Court's order.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  LR 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Here, Plaintiff was informed he would have "a <u>final</u> opportunity to file an amended complaint curing the deficiencies identified by the Court."  (Doc. 13 at 16).  In addition, Plaintiff was warned, "<u>If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order</u>."  *Id.* at 16.  Notably, this is the second time Plaintiff has failed to comply with the Court's orders regarding filing deadlines.

Accordingly, Plaintiff is **ORDERED** to show cause within 14 days of the date of service of this Order why the action should not be dismissed for his failure to prosecute or to follow the Court's Order, or in the alternative, to file his fourth amended complaint.

IT IS SO ORDERED.

Dated:   **March 14, 2011**                                    /s/ Jennifer L. Thurston
                                                                              UNITED STATES MAGISTRATE JUDGE