IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY WILLIAM TELLES, JR.,<br><br>   Plaintiff,<br><br>   v.<br><br>STANISLAUS COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>   Defendants. | Case No.: 1:10-cv-01911 AWI JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDERS |

Henry William Telles, Jr. ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, commenced this action on October 13, 2010, by filing a civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff asserts this action against Stanislaus County, the Sheriff's Department of Stanislaus County, the Sheriff of Stanislaus County, and Does 1-250. (Doc. 6).

**I.  Procedural History**

The Court screened Plaintiff's Complaint on November 24, 2010, and determined Plaintiff failed to state a cause of action. (Doc. 5). Plaintiff filed his Amended Complaint on December 20, 2010. (Doc. 6). The Court screened Plaintiff's Amended Complaint and found that Plaintiff failed again to state a claim upon which relief could be granted. (Doc. 7). Once again, the Court granted Plaintiff 20 days leave to file his Second Amended Complaint. (Doc. 7 at 12) When Plaintiff failed to file his Second Amended Complaint, on January 24, 2011, the Court

1

1 issued to Plaintiff an order to show cause why the matter should not be dismissed.  (Doc. 9) Soon
2 thereafter, on January 31, 2011, Plaintiff filed his Second Amended Complaint (Doc. 11) and then
3 filed his Third Amended Complaint on February 8, 2011 (Doc. 12).

4       On February 17, 2011, the Court dismissed the Second Amended Complaint because it was
5 superceded by the Third Amended Complaint.  (Doc. 13) Concurrent with this order, the Court
6 dismissed the Third Amended Complaint for a failure to state a claim. *Id*.  The Court granted
7 Plaintiff leave to file a Fourth Amended Complaint that addressed the deficiencies identified in
8 the Court's order within 21 days, or by March 10, 2011. *Id.* at 16.  Plaintiff failed to file the
9 Fourth Amended Complaint.

10       On March 14, 2011, the Court issued another order to show cause why the action should not
11 be dismissed for Plaintiff's failure to prosecute the matter and for his failure to comply with the
12 Court's order.  (Doc. 14).  In the alternative, Plaintiff was directed to file his fourth amended
13 complaint.  *Id.* at 2.  To date, Plaintiff has not complied with or otherwise responded to the Court's
14 order.

15 **II.   Failure to prosecute and obey the Court's orders**

16       The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a
17 party to comply with . . . any order of the Court may be grounds for the imposition by the Court of
18 any and all sanctions . . . within the inherent power of the Court."  LR 110.  "District courts have
19 inherent power to control their dockets," and in exercising that power, a court may impose sanctions
20 including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831
21 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute
22 an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v.*
23 *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
24 requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir.
25 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421,
26 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).
27 ///
28 ///

## III.  Discussion and Analysis

In determining whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  Notably, in the pleadings screened by the Court, Plaintiff failed to state a claim against the defendants.

Finally, the Court's warning to Plaintiff that failure to comply with the order would result in dismissal satisfies the requirement that the Court consider less drastic measures.  *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424.  Plaintiff was informed that he would have "a <u>final</u> opportunity to file an amended complaint curing the deficiencies identified by the Court." (Doc. 13 at 16).  In addition, Plaintiff was warned, "<u>If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order</u>." *Id.* at 16.  Likewise, in the Court's order to show cause, the Court warned that it "may dismiss an action with prejudice, based upon a party's failure to prosecute an action or failure to obey a court order . . ." (Doc. 14 at 2).  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order, and his failure to prosecute the action.  Given these facts, the Court finds the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

## IV.  Findings and Recommendations

Since filing his complaint on October 13, 2010, Plaintiff has failed to provide facts sufficient for the Court to determine a violation of his rights occurred.  *See* (Doc. 5 at 4-5) (Plaintiff "fails to provide even basic information about his claims."); (Doc. 7 at 11) ("Plaintiff's Amended Complaint

3

is nearly devoid of factual allegations and fails to establish a cause of action); (Doc. 13 at 14) ("Due to the lack of factual allegations, Plaintiff fails to establish a cause of action in the Third Amended Complaint."). Furthermore, Plaintiff has failed to comply with the Court's order to file a Fourth Amended Complaint, and has not responded to the Court's order to show cause as to why the action should not be dismissed for failure to prosecute or obey the Court's order.

Accordingly, **IT IS HEREBY RECOMMENDED**:  This action is **DISMISSED WITH PREJUDICE** for Plaintiff's failure to prosecute and failure to obey the Court's orders February 17, 2011, and March 14, 2011.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 30, 2011**                                                       **/s/ Jennifer L. Thurston**
                                                                                               UNITED STATES MAGISTRATE JUDGE